## CIRCUIT COURT OF THE CITY OF NORFOLK

James L. Butts

v.

Mike Hunter, Inc.

Case No. L86-2333

Kyle D. Heath

v.

Mike Hunter, Inc.

Case No. L86-2334

February 17, 1987

By JUDGE JOHN W. WINSTON

A review of the plaintiffs' similar Motions for Judgment establishes that they were each employees of the defendant who were injured on October 15, 1985, in a single incident arising out of and in the course of their employment on that occasion. In these suits presently filed, they each allege that the injuries resulted from the gross negligence, willful misconduct, deliberate failures, and intentional actions of their employer amounting to malice in fact.

Defendant employer seeks a dismissal of these suits on the ground that the plaintiffs' exclusive remedy is that provided by the provisions of the *Virginia Workmen's Compensation Act*, Code § 65.1-1, as amended. The rights and remedies there granted to an employee when he and

his employer have accepted the provision of the Act respectively to pay and accept compensation and medical benefits on account of personal injury or death by accident exclude all other rights and remedies of such employee on account of such injury, loss, or death. Code § 65.1-40 as amended. Furthermore, employer says the plaintiff employees have already accepted statutory benefits for their "accidents" pursuant to awards of the Industrial Commission of Virginia. (This last factual assertion is not disputed.) Employer says that they are therefore estopped now to claim that they have any cause of action beyond the scope of the Compensation Act.

Though plaintiffs argue for a limited meaning of the term "accident" and thus for a broad expansion of their monetary recovery action, this Court holds that the allegations of the plaintiffs come within the meaning of "accident" as included in the Virginia statute. Further, having sought and obtained a recovery of benefits with the contention they sustained accidental injury, and the Commission having so found, the plaintiffs will not now be allowed to back away from that claim and finding by offering to refund what was paid them because it was all part of a mistake on their part and on the part of the Commission.

The Special Pleas are sustained, and the Motions to Dismiss are granted.